UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CELINA MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01144-JMS-TAB |
| | ) | |
| CUSTOM TOUCH BUILDERS, INC., JUSTUS HOME | ) | |
| BUILDERS, INC., JUSTUS AT WESTFIELD, LLC, | ) | |
| 84 LUMBER ACQUISITION AND DEVELOPMENT | ) | |
| COMPANY, L.P., and 84 LUMBER COMPANY, | ) | |
| L.P., | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER TO FILE SECOND AMENDED COMPLAINT

Plaintiff Celina Mutual Insurance Company ("Celina") filed its Complaint for Declaratory Judgment on July 21, 2015, alleging that this Court has diversity jurisdiction over this matter. [Filing No. 1 at 2.]  The Court found Celina's jurisdictional allegations to be insufficient and ordered it to file an Amended Complaint.  [Filing No. 8.]  Celina has done so, [Filing No. 17], and sufficiently addressed the issues raised in the Court's prior Order.  After reviewing the jurisdictional allegations in the Amended Complaint, however, the Court concludes that Celina has failed to sufficiently allege its own citizenship.

Celina alleges that it "is a mutual insurance company incorporated under the laws of the State of Ohio and has its principal place of business in Celina, Ohio." [Filing No. 17 at 2.]  While Celina's jurisdictional allegations assume it is a corporation, it does not expressly allege that and the citizenship of a mutual insurance company is governed by applicable state statutes.  *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota

1

law rendered Minnesota mutual insurance company a corporation).  Celina does not allege what corporate form applicable Ohio law renders a mutual insurance company such as Celina.

The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **ORDERS** Celina to file a Second Amended Complaint by **August 15, 2015**, properly alleging a basis for this Court's diversity jurisdiction.  Defendants need not answer or otherwise respond to Celina's Amended Complaint.  [Filing No. 17.]

Date:   August 5, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**